IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

## 06 - CV - 02281

NOV 1 4 2006

Civil Action No. _____

GREGORY C. LANGHAM
CLERK

(The above civil action number must appear on all future papers
sent to the court in this action. Failure to include this number
may result in a delay in the consideration of your claims.)

CLOVIS CARL GREEN, JR.,

       Plaintiff,

v.

U. S. DISTRICT COURT JUDGE ZITA L. WEINSHIENK,
U. S. DISTRICT COURT JUDGE WILEY Y. DANIEL,
U. S. DISTRICT COURT JUDGE PHILIP S. FIGA,
JOE ORTIZ,
ANTHONY A. DECESARO,
MS. CATHIE HOLST,
MS. JOAN M. SCHOEMAKER,
GARY GOLDER,
MS. CAROL SOARES,
JAMES E. ABBOTT,
LIEUTENANT KENNETH TOPLISS,
SERGEANT CARL WEBB,
SERGEANT DENNIS RIVERA,
CORRECTIONAL OFFICER MS. MANUELA CURRY,
CORRECTIONAL OFFICER MS. HOYT WILLIAMS,
CORRECTIONAL OFFICER JOSEPH MUNOZ,
LEGAL ASSISTANT AND LAW LIBRARY SUPERVISOR Y. BROWN, and
LEGAL ASSISTANT AND LAW LIBRARY SUPERVISOR DANIEL ERD,

       Defendants.

_____

ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION,
DISMISSING THE ACTION, AND IMPOSING SANCTIONS

_____

      Plaintiff Clovis Carl Green, Jr., is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the Colorado

Territorial Correctional Facility in Cañon City, Colorado. Mr. Green has submitted to the

Dockets.Justia.com

Court *pro se* a letter to Chief Judge Lewis T. Babcock, a letter to Clerk of the Court Gregory C. Langham, a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, a certified copy of his trust fund account statement, and two motions titled "Motion for Court Order to Order and Direct Defendant Executive Director Joe Ortiz to Grant Permission for the Plaintiff to Make Photocopies of His Massive # [sic] 1983 Civil Rights Compalint [sic] and Each Requested Pre-Trial Motion" and "Motion to Disqualify U.S. District Court Judge Zita L. Weinshienk, U.S. District Court Judge Wiley Y. Daniel, and U.S. District Court Judge Philip S. Figa From Being Assigned to Hear and Rule on the Massive # [sic] 1983 Civil Rights Complaint From This Instant Plaintiff."

Mr. Green has failed to submit a complaint. As discussed below, the court has informed Mr. Green on at least three prior occasions to submit a complaint together with other required documents in order to obtain this court's permission to proceed *pro se*. The court also has directed him on numerous prior occasions to comply with D.C.COLO.LR 77.7 concerning *ex parte* communications, and to refrain from sending any "letters, pleadings or other papers, or copies, directly to a judicial officer." *See, e.g., Green v. Watkins*, No. 01-cv-00399-ZLW (D. Colo. Mar. 23, 2006), at March 7, 2001, order to commence, cure, and show cause. He continues to ignore such directives. As part of the court's review pursuant to D.C.COLO.LCivR 8.2, I have determined that the submitted documents are deficient as described in this order. For the reasons stated below, the action will be dismissed.

Mr. Green has been enjoined permanently from filing any *pro se* civil complaints in this court without first obtaining leave of court to proceed *pro se*. *See* Modified Appendix B in *Green v. Price*, 95-mc-00009-DBS (D. Colo. Feb. 29, 1996). In order to obtain permission to proceed *pro se*, Mr. Green must submit with any complaint he seeks to file a "Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action" that includes the information specified in the sanction order. He has failed, s required by Modified Appendix B, to submit the required petition, an affidavit in proper legal form, and a complaint listing the claim or claims he seeks to file in this court. Even assuming that Mr. Green is unable, as he contends in his letters, to submit a copy of Modified Appendix B, he still has failed to submit a copy of his complaint. Therefore, the action will be dismissed without prejudice because Mr. Green has failed to comply with the order enjoining him from filing *pro se* actions.

Mr. Green seeks to disqualify the three federal judges listed in the caption to this order from being assigned to rule on the complaint he has yet to file in this action because they allegedly are in an extra-judicial conspiracy with Warden James E. Abbott and DOC Executive Director Joe Ortiz to deny him access to this court in order to file his "HUMONGOUS" complaint. *See* motion to disqualify at 2. Mr. Green apparently bases his belief that the Honorable Zita L. Weinshienk, Wiley Y. Daniel, and Philip S. Figa are conspiring against him on the fact that Judges Weinshienk, Daniel, and Figa previously have dismissed actions in which Mr. Green failed to comply with Modified Appendix B. *See Green v. Ortiz*, No. 06-cv-00859-ZLW (D. Colo. May 5, 2006); *Green*

3

*v. Weinshienk*, No. 06-cv-01564-WYD (D. Colo. Aug. 9, 2006); and *Green v. Weinshienk*, No. 06-cv-01799 (D. Colo. Sept. 12, 2006).

Judges Weinshienk, Daniel, and Figa are immune from liability because Mr. Green can make no rational argument that these defendants have conspired against him simply because they have ruled against him for his failure to comply with a sanction order. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). The appropriate inquiry in determining whether a particular judge is immune is whether the challenged action was "judicial" and whether at the time the challenged action was taken, the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Stated differently, judges are liable only when they act in "clear absence of all jurisdiction"; they are absolutely immune even when their action is erroneous, malicious, or in excess of their judicial authority. *Id.* at 356-57. Judges Weinshienk, Daniel, and Figa clearly acted within their jurisdiction in dismissing Mr. Green's lawsuits.

Mr. Green's motion to disqualify is precisely the type of filing that the Supreme Court has recognized as necessitating the doctrine of judicial immunity. *See Butz v. Economou*, 438 U.S. 478, 512 (1978) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)) ("The loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus."). Mr. Green has initiated a fourth lawsuit in federal court harassing three judges with allegations of an extra-judicial conspiracy based upon those judges' dismissal of Mr. Green's prior lawsuits because he failed to comply with this court's sanction order.

A federal court has the inherent power to impose sanctions that are necessary to regulate the docket, promote judicial efficiency, and deter frivolous filings. Therefore, Mr. Green is prohibited from attempting to initiate or from initiating any further lawsuits in this Court that contain the same or similar unsupported allegations as those set forth in his motion to disqualify. In addition, Mr. Green shall pay to the clerk of the court one thousand dollars ($1,000) as a limited contribution to the United States for the cost and expenses of this action. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986). Mr. Green will be allowed twenty days in which to show cause why the above sanctions should not be imposed. Mr. Green's response will be limited to three pages. If the response is not received within twenty days from the filing of this order, the sanctions will be imposed. For the reasons recited herein, it is

ORDERED that the clerk of the court commence this civil action. It is further

ORDERED that the action is dismissed without prejudice because Plaintiff Clovis Carl Green, Jr., has failed to comply with the order enjoining him from filing *pro se* actions. It is further

ORDERED that any pending motions are denied as moot. It is further

ORDERED that Mr. Green is prohibited from attempting to initiate or from initiating any further lawsuits in this court that contain the same or similar unsupported allegations as those set forth in his motion to disqualify. It is further

ORDERED that Mr. Green shall pay to the clerk of the court one thousand dollars ($1,000) as a limited contribution to the United States for the cost and expenses of this action. It is further

5

ORDERED that Mr. Green shall be allowed **twenty (20) days from the filing of this order** in which to show cause why the above-referenced sanctions should not be imposed. It is further

ORDERED that Mr. Green's response shall be limited to three pages. It is further

ORDERED that if the response is not received within twenty days from the filing of this order, the sanctions will be imposed.

DATED at Denver, Colorado, this 14th day of November, 2006.

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 06-cv-02281-BNB

Clovis Carl Green
Prisoner No. 69277
CTCF
PO Box 1010
Cañon City, CO 81215- 1010

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _11-14-06_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk