IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02281-EWN

CLOVIS CARL GREEN, JR.,

      Plaintiff,

v.

U. S. DISTRICT COURT JUDGE ZITA L. WEINSHIENK,
U. S. DISTRICT COURT JUDGE WILEY Y. DANIEL,
U. S. DISTRICT COURT JUDGE PHILIP S. FIGA,
JOE ORTIZ,
ANTHONY A. DECESARO,
MS. CATHIE HOLST,
MS. JOAN M. SCHOEMAKER,
GARY GOLDER,
MS. CAROL SOARES,
JAMES E. ABBOTT,
LIEUTENANT KENNETH TOPLISS,
SERGEANT CARL WEBB,
SERGEANT DENNIS RIVERA,
CORRECTIONAL OFFICER MS. MANUELA CURRY,
CORRECTIONAL OFFICER MS. HOYT WILLIAMS,
CORRECTIONAL OFFICER JOSEPH MUNOZ,
LEGAL ASSISTANT AND LAW LIBRARY SUPERVISOR Y. BROWN, and
LEGAL ASSISTANT AND LAW LIBRARY SUPERVISOR DANIEL ERD,

      Defendants.

---

## ORDER IMPOSING SANCTIONS

---

Plaintiff Clovis Carl Green, Jr., is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the Colorado

Territorial Correctional Facility in Cañon City, Colorado.  Mr. Green submitted to the

court *pro se* a letter to Chief Judge Lewis T. Babcock, a letter to Clerk of the Court

Gregory C. Langham, a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant

to 28 U.S.C. § 1915, a certified copy of his trust fund account statement, and two

motions titled "Motion for Court Order to Order and Direct Defendant Executive Director

Joe Ortiz to Grant Permission for the Plaintiff to Make Photocopies of His Massive

# [sic] 1983 Civil Rights Compalint [sic] and Each Requested Pre-Trial Motion" and

"Motion to Disqualify U.S. District Court Judge Zita L. Weinshienk, U.S. District Court

Judge Wiley Y. Daniel, and U.S. District Court Judge Philip S. Figa From Being

Assigned to Hear and Rule on the Massive # [sic] 1983 Civil Rights Complaint From

This Instant Plaintiff."

On November 14, 2006, I dismissed the instant action without prejudice.  Mr.

Green has been enjoined permanently from filing any *pro se* civil complaints in this

court without first obtaining leave of court to proceed *pro se*.  *See* Modified Appendix B

in *Green v. Price*, 95-mc-00009-DBS (D. Colo. Feb. 29, 1996).  In order to obtain

permission to proceed *pro se*, Mr. Green must submit with any complaint he seeks to

file a "Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action" that

includes the information specified in the sanction order.  I found that he failed to comply

with these requirements, and dismissed the action without prejudice.

In the November 14, 2006, order, I noted that Mr. Green had been informed on

at least three prior occasions to submit a complaint together with other required

documents in order to obtain this court's permission to proceed *pro se*.  I further noted

that the court had directed him on numerous prior occasions to comply with

D.C.COLO.LR 77.7 concerning *ex parte* communications, and to refrain from sending

any "letters, pleadings or other papers, or copies, directly to a judicial officer."  ***See,***

***e.g., Green v. Watkins***, No. 01-cv-00399-ZLW (D. Colo. Mar. 23, 2006), at March 7,

2001, order to commence, cure, and show cause.  I also pointed out in the November

14 order that he continued to ignore such directives.

Mr. Green sought to disqualify the three federal judges listed in the caption to

this order from being assigned to rule on the complaint he had yet to file in this action

because they allegedly were in an extra-judicial conspiracy with Warden James E.

Abbott and DOC Executive Director Joe Ortiz to deny him access to this court in order

to file his "<u>HUMONGOUS</u>" complaint.  ***See*** motion to disqualify at 2.  Mr. Green

apparently based his belief that the Honorable Zita L. Weinshienk, Wiley Y. Daniel, and

Philip S. Figa were conspiring against him on the fact that Judges Weinshienk, Daniel,

and Figa previously dismissed actions in which Mr. Green failed to comply with

Modified Appendix B.  ***See Green v. Ortiz***, No. 06-cv-00859-ZLW (D. Colo. May 5,

2006); ***Green v. Weinshienk***, No. 06-cv-01564-WYD (D. Colo. Aug. 9, 2006); and

***Green v. Weinshienk***, No. 06-cv-01799 (D. Colo. Sept. 12, 2006).

In the November 14, 2006, order, I pointed out that Judges Weinshienk, Daniel,

and Figa are immune from liability because Mr. Green could make no rational argument

that these defendants conspired against him simply because they ruled against him for

his failure to comply with a sanction order.  ***See Mireles v. Waco***, 502 U.S. 9, 11-12

(1991); ***Stump v. Sparkman***, 435 U.S. 349, 356-57 (1978); ***Hunt v. Bennett***, 17 F.3d

1263, 1266-67 (10th Cir. 1994).  I informed Mr. Green that the appropriate inquiry in

determining whether a particular judge is immune is whether the challenged action was

"judicial" and whether at the time the challenged action was taken, the judge had subject matter jurisdiction.  **See Stump**, 435 U.S. at 356.  I also informed Mr. Green that stated differently, judges are liable only when they act in "clear absence of all jurisdiction"; they are absolutely immune even when their action is erroneous, malicious, or in excess of their judicial authority.  *Id.* at 356-57.  I found that Judges Weinshienk, Daniel, and Figa clearly acted within their jurisdiction in dismissing Mr. Green's lawsuits.

I also found Mr. Green's motion to disqualify to be precisely the type of filing that the Supreme Court has recognized as necessitating the doctrine of judicial immunity. **See Butz v. Economou**, 438 U.S. 478, 512 (1978) (citing **Pierson v. Ray**, 386 U.S. 547, 554 (1967)) ("The loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.").  In this case, Mr. Green initiated a fourth lawsuit in federal court harassing three judges with allegations of an extra-judicial conspiracy based upon those judges' dismissal of Mr. Green's prior lawsuits because he failed to comply with this court's sanction order.

As I warned Mr. Green in the November 14, 2006, order, a federal court has the inherent power to impose sanctions that are necessary to regulate the docket, promote judicial efficiency, and deter frivolous filings.  I ordered that Mr. Green was prohibited from attempting to initiate or from initiating any further lawsuits in this Court that contain the same or similar unsupported allegations as those set forth in his motion to disqualify.  In addition, I directed Mr. Green to pay to the clerk of the court one thousand dollars ($1,000) as a limited contribution to the United States for the cost and

expenses of this action.  *See Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir.

1986).  I allowed Mr. Green twenty days in which to show cause why the above

sanctions should not be imposed, directed that his response be limited to three pages,

and warned him that if the response was not received within twenty days from the filing

of the November 14 order, the sanctions would be imposed.

On November 21, 2006, Mr. Green submitted a three-page response to the order

to show cause.  In the response, he makes baseless accusations.  He accuses me of

lying, argues that there was no cost or expense to the court in handling the instant

lawsuit, defends his actions in initiating the instant lawsuit as a good-faith exercise of

his rights of access to the courts, and projects on to Warden Abbott the responsibility

for accusing Judges Weinshienk, Daniel, and Figa of involvement in an extra-judicial

conspiracy.  He asks for an evidentiary hearing at which I would testify regarding the

costs and expenses incurred in this lawsuit and Judges Weinshienk, Daniel, and Figa,

Warden Abbott, DOC Executive Director Ortiz, and Mr. Green would testify regarding

the extra-judicial conspiracy.

The request for an evidentiary hearing will be denied.  An evidentiary hearing is

not required before the imposition of sanctions, as long as the party to be sanctioned

received notice and an opportunity to respond before being sanctioned.  *See Dodd*

*Ins. Servs., Inc. v. Royal Ins. Co.*, 935 F.2d 1152, 1160 (10th Cir. 1991).  The notice-

and-opportunity requirement does not require an in-person hearing before this court.

*See Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989).

Mr. Green has received notice and ample opportunity to respond.  He is perfectly capable of communicating his objections in writing.  His response demonstrates a clear lack of respect for and appreciation of the time involved in processing his repetitive and abusive litigation, which has the obvious effect of burdening the office of the clerk and other members of the court's staff.  "Every paper filed with the [c]lerk of this [c]ourt, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the [c]ourt's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989).  Sanctions are appropriate for Mr. Green's blatant waste of judicial time and resources.

Therefore, Mr. Green will be prohibited from attempting to initiate or from initiating any further lawsuits in this court that contain the same or similar unsupported allegations as those set forth in his motion to disqualify.  In addition, Mr. Green will be ordered pursuant to subsection (f)(2)(A) of 28 U.S.C. § 1915 (Supp. 2006) to pay to the clerk of the court one thousand dollars ($1,000) as a limited contribution to the United States for the cost and expenses of this action.  If Mr. Green lacks funds to pay the $1,000 sanction at this time, he will be allowed to make installment payments based on the formula articulated in § 1915(b)(2).  Under the installment plan, Mr. Green will be required to make monthly payments of twenty (20) percent of the preceding month's income credited to his prison trust fund account until the $1,000 sanction is paid in full.

As funds accumulate in Mr. Green's prison account from any source or income, the appropriate prison officials at the prison having custody of Mr. Green will be

ordered to withdraw the monthly payment from Mr. Green's prison account and forward

it to the clerk of this court with the appropriate case number noted each time the

account exceeds ten dollars ($10) until the $1,000 sanction is paid.  Mr. Green is

warned that any future attempts to initiate frivolous lawsuits could result in a stricter

sanction and a monetary sanction of a much higher amount.  The clerk of the court will

be directed to provide a copy of this order to the warden of the Colorado Territorial

Correctional Facility, where Mr. Green currently is incarcerated, and to DOC Executive

Director Ortiz.  For the reasons recited herein, it is

ORDERED that Plaintiff Clovis Carl Green, Jr., is prohibited from attempting to

initiate or from initiating any further lawsuits in this court that contain the same or

similar unsupported allegations as those set forth in his motion to disqualify.  It is

further

ORDERED that pursuant to subsection 28 U.S.C. § 1915(f)(2)(A) Mr. Green

shall pay to the clerk of the court one thousand dollars ($1,000) as a limited

contribution to the United States for the cost and expenses of this action.  It is further

ORDERED that if Mr. Green lacks funds to pay the $1,000 sanction at this time,

he will be allowed to make installment payments based on the formula articulated in 28

U.S.C. § 1915(b)(2).  It is further

ORDERED that, under the installment plan, Mr. Green is required to make

monthly payments of twenty (20) percent of the preceding month's income credited to

his prison trust fund account until the $1,000 sanction is paid in full.  It is further

ORDERED that as funds accumulate in Mr. Green's prison account from any

source or income, the appropriate prison officials at the prison having custody of Mr.

Green will be ordered to withdraw the monthly payment from Mr. Green's prison

account and forward it to the clerk of this court with the appropriate case number noted

each time the account exceeds ten dollars ($10) until the $1,000 sanction is paid.  It is

further

ORDERED that Mr. Green's request for an evidentiary hearing is denied.  It is

further

ORDERED that the clerk of the court is directed to provide a copy of this order to

the warden of the Colorado Territorial Correctional Facility, where Mr. Green currently

is incarcerated, and to DOC Executive Director Ortiz.  It is further

ORDERED that Mr. Green's request submitted to and filed with the court on

December 1, 2006, for ten copies of the court's Prisoner Complaint form for his friends

is denied.

DATED at Denver, Colorado, this 16th day of January, 2007.

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge